**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
TRACEY H.,                                                     :
                                                              :
                             Plaintiff,                       :            25-CV-6593 (JGK) (OTW)
                                                              :
                  -against-                                   :
                                                              :            **REPORT & RECOMMENDATION**
COMMISSIONER OF SOCIAL SECURITY,                              :            **TO THE HON. JOHN. G. KOELTL**
                                                              :
                             Defendant.                       :
                                                              :
                                                              :
                                                              :
---------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

**I.      INTRODUCTION**

Plaintiff Tracey H., who is unrepresented, comes before the Court seeking review of an

administrative law judge's decision denying her social security disability claim. (*See* Compl., ECF

1). Plaintiff commenced this action on August 5, 2025, and Judge Koeltl referred this matter to

me on August 14, 2025. (*See* ECF 5). Judge Koeltl further directed the parties to meet and

confer on whether they wished to consent to magistrate judge jurisdiction for all purposes. (*See*

ECF 6).

On September 25, 2025, the Government filed a letter informing the Court that it sent

two letters to Plaintiff via first-class mail, first on August 22, 2025, and, again, on September 18,

2025, requesting to meet and confer as directed, however Plaintiff failed to respond to either.

(*See* ECF 9). Accordingly, on November 25, 2025, I ordered Plaintiff to show cause why I should

not recommend that this case be dismissed for failure to prosecute no later than December 12,

2025. (*See* ECF 14). The Government served a copy of ECF 14 on Plaintiff by first-class mail the

following day, November 26, 2025. (*See* Docket). Plaintiff has not responded to the order to

show cause or, indeed, made any filings in this case since her initial Complaint in August 2025.

(*See* Docket). Accordingly, I respectfully recommend that this action be **DISMISSED** for failure to

prosecute.

II.    **DISCUSSION**

"It is unquestioned that Rule 41(b) ... gives the district court authority to dismiss a

plaintiff's case *sua sponte* for failure to prosecute. "*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d

206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Dismissal for

failure to prosecute is a "harsh remedy" appropriate only in "extreme situations." *United*

*States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  While courts afford

"special solicitude" to *pro se* litigants (*Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)),

especially regarding procedural matters (*Le Sane*, 239 F.3d at 209), the obligation to move their

case forward still applies to a *pro se* plaintiff.  *See Smith v. Griffen*, No. 15-CV-622 (ALC) (BCM),

2017 WL 4466453, at *2–3 (S.D.N.Y. 2017) ("[C]ourts in in this district routinely dismiss *pro*

*se* . . . actions for failure to prosecute where [a plaintiff] fails to participate . . ."), *rep. & rec.*

*adopted*, at No. 15-CV-622 (ALC), 2017 WL 4477062, at *1 (S.D.N.Y. 2017).

Here, Plaintiff has made no filings on the docket since August 5, 2025, the date she filed

her initial complaint; Plaintiff has not complied with Judge Koeltl's order to meet and confer

with the Government; and Plaintiff has not responded to the order to show cause. In light of

Plaintiff's *pro se* status, I waited an additional month for any response before making this

recommendation, and Plaintiff has made no effort to communicate with the Government, the Court, or otherwise prosecute this case during that time.

Dismissal is especially appropriate where it is impossible to impose a lesser sanction because the case cannot proceed without Plaintiff's action. Here, the Government has complied with its obligation to file the administrative record, (*See* ECF 12) but Plaintiff has made no motion for judgment on the pleadings or requested an extension of the time to do so. Plaintiff must so move or this matter cannot be resolved on the merits.

Accordingly, I respectfully recommend that this action be **DISMISSED** for failure to prosecute.

The Government is directed to serve a copy of this Report and Recommendation by first-class mail on Plaintiff at her last known address then file proof of such service no later than **February 4, 2026**.

### III.    OBJECTIONS

In accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable John G. Koeltl, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Koeltl.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

**RESPECTFULLY SUBMITTED,**

/s/ *Ona T. Wang*

Dated: January 29, 2026                                    **Ona T. Wang**
          New York, New York                              United States Magistrate Judge

4